## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER L. HENDRIX**                                    **CIVIL ACTION**

**VERSUS**

**USAA GENERAL INDEMNITY**                          **NO. 20-00805-BAJ-RLB**
**COMPANY**

### RULING AND ORDER

Plaintiff's action was removed to this Court from the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana. In their Notice of Removal, Defendants invoke the Court's general diversity jurisdiction. Upon *sua sponte* review, however, the Court concludes that it lacks subject matter jurisdiction—and that this matter must be remanded—because Defendants have failed to affirmatively show that the amount in controversy likely exceeds $75,000.

## I.    DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte,* at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." The question of "removal jurisdiction [is determined] on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In their Notice of Removal, Defendants assert traditional diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1 at ¶ 3). In addition to its diversity of citizenship requirement, § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

Here, Plaintiff's original state court Petition fails to specify an amount in controversy. (*See* Doc. 1-1 at pp. 4-7). In such instances, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "[T]he key to the door is an affirmative showing" that the amount in controversy is satisfied "at the time removal is attempted." *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). The removing defendant carries its burden "either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount-in-controversy is met." *Felton v.*

*Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003).

Defendants do not append affidavits or other evidence establishing the amount in controversy to their Notice of Removal. Instead, Defendants suggest that "it is apparent from the face of the petition that the amount in controversy exceeds [$75,000]." (Doc. 1 at ¶ 6). In support of their position, Defendants point the Court's attention to three paragraphs of Plaintiff's Petition: (1) paragraph 7, where Plaintiff states the alleged damages at issue; (2) paragraph 11, where Plaintiff alleges that he has received "untimely and woefully inadequate uninsured motorist tenders from Defendants," the largest "tender" totaling $22,500; and (3) paragraph (12), where Plaintiff asserts a claim for bad faith, which, if proved would entitle him to recovery penalties and attorneys' fees. (Doc. 1 at ¶¶ 7-9).

The Court is not convinced. It is hardly apparent from Plaintiff's Petition that her damages exceed $75,000, even taking into account Plaintiff's assertion that the $22,500 "tender" was "woefully inadequate." The injuries alleged and damages claimed are vaguely stated—amounting to customary categories of damages universally set forth in personal injury actions—and, thus, provide the Court with little guidance as to the *actual* damages that Plaintiffs incurred. Further, there is substantial daylight between $22,500 and $75,000. Finally, even if statutory attorneys' fees and penalties *may* be counted towards the jurisdictional minimum,[1]

---

[1] *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 & n.7 (5th Cir. 1998) (explaining that attorneys' fees and punitive may be included to reach the amount in controversy requirement if, under state law, they are recoverable (citing authorities).

the Court is not satisfied that the potential for such damages tips the balance here, given the conclusory nature of the allegations set forth in Plaintiffs' Petition.

Again, "removal cannot be based simply upon conclusory allegations." *Felton*, 324 F.3d at 774 (quotation marks omitted). The various damages stated in Plaintiff's Petition are too speculative to establish that the Petition, standing alone, makes out a claim for more than $75,000.[2]

## II.    CONCLUSION

Defendants have failed to make an affirmative showing that the amount in controversy exceeds § 1332(a)'s jurisdictional minimum. Having no basis to exercise jurisdiction, this action "shall be remanded" pursuant to § 1447(c).

**IT IS ORDERED** that this action is **REMANDED** to the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana.

Baton Rouge, Louisiana, this 18th day of August, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] Certainly, Plaintiff's alleged injuries create the *potential* for a claim in excess of $75,000. The mere *potential* for recovery in excess of the jurisdictional minimum, however, is not enough. Rather, Fifth Circuit law is clear that to satisfy the jurisdictional minimum, the defendant must show that it is *more likely than not* that the plaintiff will recover more than the jurisdictional minimum. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that the plaintiff "could well" recover more than the jurisdictional minimum); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that there is "some possibility" that the plaintiff will recover more than the jurisdictional minimum).